In the Matter of the Estate of Moses D. FLACHNER, Deceased.

Surrogate's Court, New York County, August 9, 1938.

*David D. Hendlin,* for the petitioner.

*Thomas E. White* [*R. Elliott Davis* and *Thurlow C. Stewart* of counsel], for the respondent, Fidelity and Deposit Company of Maryland.

DELEHANTY, S.  A person who has been adjudged to have an interest in the estate of deceased seeks here to fix the liability of one of two sureties who at different dates during the administration of the estate executed bonds as surety for the administratrix of the estate.  One surety company is in liquidation and is not

involved in this proceeding. The present application is to fix the liability of the solvent surety company.

Deceased died intestate on September 7, 1926. He left surviving him a widow, four children and the son of a deceased daughter. The latter is the petitioner in this proceeding. Deceased left general assets. There also existed by reason of his death a right of action in favor of his distributees. On September 17, 1926, letters of administration were granted to the widow and to one of the sons of deceased. These were general letters so far as the general assets were concerned but were limited to the prosecution only of the action for wrongful death. Respondent here gave a bond of $1,600 as surety for the administrators so appointed and thereupon ordinary and limited letters were issued.

The action for wrongful death was prosecuted and resulted in a compromise under which $2,000 was paid. To enable the collection of this sum, the restrictions upon the letters of administration were removed. As a condition for such removal the administrators furnished an additional bond of $2,000. This latter bond was furnished by the surety company now in liquidation.

Both of the administrators are now dead. The widow's estate was fully administered and distribution of her net assets was made to her distributees among whom was the petitioner here. On September 12, 1929, he received a one-fifth share of her net estate amounting to $269.79. The coadministrator is dead and seems to have left no estate.

On application of petitioner here, the administrator of the estate of the deceased widow was required to file in her behalf an account of her proceedings as administratrix of the estate of Moses D. Flachner. The accounting proceeding resulted in a decree dated March 5, 1938, which established that the interest in the estate of Moses D. Flachner of the petitioner in the present proceeding amounted as of the date of the decree to $495.59. The amount thus established was ascertained by computing the share of the present petitioner both in the net general assets of Moses D. Flachner and in the net proceeds of the action for his wrongful death. Petitioner seeks to compel the respondent surety to pay the whole sum thus adjudged to be due.

In answer to the petition, the respondent surety asserts that its liability in no event can be related to the proceeds of the death action. It asserts in effect that a special bond was given in respect of such proceeds and that it has no concern therewith and no responsibility for the acts of the administratrix respecting such proceeds. Separately the surety presents in partial defense the fact of receipt by the petitioner here through the estate of the

deceased administratrix of funds which equitably should be credited against the liability of the surety. The death action proceeds were received in July, 1928. The widow died September 7, 1928. Concededly she alone was possessed of all of the general assets and also of the net proceeds of the death action which came into the hands of the administrators. The facts establish sufficiently that the sum of $269.79 paid on September 12, 1929, to the petitioner here as his distributive share of the estate of the widow-administratrix had its source entirely in the assets which were in her hands belonging to the estate of Moses D. Flachner and which were held by her improperly in her individual name.

Two questions are presented. The first is whether the respondent surety is liable for the acts of the administrators in respect of the proceeds of the death action. The second is whether in this proceeding the court may determine the eventual rights of the parties by giving the surety credit for any sum which would be recoverable in a separate action by it against the petitioner. The surety would undoubtedly have a right of action under article 7 of the Decedent Estate Law to pursue the assets of the deceased widow-administratrix which, in the first instance, would be chargeable with the liability to this petitioner.

On the first question, it is necessary to look at the tenor of the bonds which were given. In each instance the text is identical. Each surety undertook that the administrators " shall faithfully execute the trust reposed in them as administrators of all and singularly the goods, chattels and credits of Moses David Flachner, late of the County of New York, deceased, and obey all lawful decrees and orders of the Surrogate's Court of the said county of New York touching the administration of the estate committed to them." By article 5 of the Decedent Estate Law the administrators were empowered to maintain the action for wrongful death and upon collection were charged with the duty as administrators of making distribution to the persons entitled to the fund recovered. While the proceeds of the death action are not estate assets, they are, by statute, moneys administered in the estate by the administrators and so constitute funds concerning which a surety assumes responsibility when he executes a bond in the text hereinabove quoted.

There is a substantial divergence of opinion respecting the area of liability of a general surety in respect of moneys received by an administrator as a result of some special provision of law. Particularly is there divergence of opinion when in respect of such funds a separate bond is given either by reason of statutory direction or of court order. Analyses of these authorities may be found

in 68 A. L. R. 1543; 104 id. 208, and 43 L. R. A. (N. S.) 308. In this State the question seems to have been determined by *Matter of Manning* (244 App. Div. 9; affd., 268 N. Y. 690). In *Matter of Manning* deceased had a bank account in his individual name but the moneys were found to have belonged to his employer. In normal course these funds were collected by the administrator. The surety denied liability for them since they did not constitute in fact assets of the deceased. The court held that the bond of the general surety was liable. The logic of the cited case applies to the situation presented here.

The surety offers the defense that it undertook only liability for the general assets but the record refutes that position. The petition in which the letters were sought referred to the cause of action for wrongful death. The letters themselves which issued on the giving of the bond by the respondent surety specifically granted authority to prosecute that action. It is true that they did not authorize the collection of the death action proceeds but affirmatively it was disclosed to the respondent surety that the administrators had undertaken obligations in respect of the death action. When, therefore, the surety undertook to assure the faithful execution of the trust reposed in the administrators, it undertook an affirmative obligation respecting the acts of the administrators in the death action. Having reached this conclusion, the court overrules so much of the defense interposed by the respondent surety as seeks absolution from liability for the proceeds of the death action.

This leaves for consideration only the second question — whether the court may here adjust the liabilities of the parties. The court holds that section 40 of the Surrogate's Court Act gives it that power. The section says that this court has power " to administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding * * * as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires." This broad grant of equitable jurisdiction empowers the court in this proceeding to fix the liability of the surety, to determine whether on a balancing of equities any sum is due the petitioner and, if so, to fix that sum.

The decree fixed the interest of the petitioner in the true estate assets of Moses D. Flachner and in the proceeds of the recovery for his wrongful death. It did not determine whether he had been paid his share. The right of credit in this proceeding may still be litigated. The surety is at liberty to present in this proceeding the defense of part payment to petitioner. Since the amount

adjudged to be the share of petitioner in the accounting proceeding includes an allowance of interest, the court will credit against the sum so fixed the payment of $269.79 made ostensibly out of the private assets of the administratrix but actually out of funds of the Moses D. Flachner estate. Interest at the legal rate from September 12, 1929, will be credited also. The amount fixed in the decree bears interest from the date of the decree. The parties may make the computation of the net amount due and a decree will be signed fixing the liability of the surety at such net amount.

Various other claims in reduction of its liability are advanced by the surety. The court holds that it can have credit only for the moneys which actually reached the petitioner out of the funds in which he had an interest. The court having found that the payment of $269.79 was a part of such funds and there being no proof that any other part of such funds reached petitioner, the sole credit to be given will be as stated.

Submit, on notice, decree fixing the liability of the respondent surety accordingly.